# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| GARY L. WEST, | : |
| Plaintiff, | : |
| v. | : Civil Action No.<br>: 7:10-cv-91 (HL) |
| AMERICAN FRESH FOODS, L.P., | : |
| Defendant. | : |

## ORDER

The Defendant in this action filed a motion to dismiss the complaint for failure to state a claim (Doc. 4). The motion to dismiss is not one that relies on matters outside the pleadings and therefore the Court does not treat the motion as a summary judgment motion. In response to the motion to dismiss the Plaintiff filed a notice of dismissal with prejudice (Doc. 7). For the following reasons, the Court denies the Defendant's motion to dismiss (Doc. 4) as moot and dismisses the action pursuant to the Plaintiff's notice of voluntary dismissal.

To allow the Plaintiff to voluntarily dismiss his action, the requirements of Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i) must be met.[1] Rule 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or

---

[1] A plaintiff may also voluntarily dismiss an action pursuant to Rule 41(a)(1)(A)(ii). The rule requires that the plaintiff file a stipulation of dismissal signed by all parties who have appeared. In this case, the parties did not file a stipulation of dismissal. The Court must therefore only decide whether the requirements of Rule 41(a)(1)(A)(I) are satisfied.

a motion for summary judgment." Here, the Defendant has not filed an answer to the Plaintiff's complaint and he has not filed a motion for summary judgment.

Although not addressed by the Eleventh Circuit, other courts have found that the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case. Aamot v. Kassel, 1 F.3d 441, 444 (6th Cir. 1993) (affirming district court dismissal of action when the plaintiff filed her dismissal after the defendant filed a Rule 12(b)(6) motion to dismiss); Kilpatrick v. Texas & P.R. Co., 166 F.2d 788, 792 (2d Cir. 1948) (filing a motion to dismiss for lack of personal jurisdiction before the plaintiff filed notice of dismissal did not preclude the plaintiff from voluntarily dismissing the case); Brown v. T-Ink, LLC., 2007 WL 4098207, at * 3 (E.D. Mich. Nov. 16, 2007) ("It is well-established that a plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed.R.Civ.P. 12(b), subject to the exception for Rule 12(b) (6) motions converted to motions for summary judgment.") (citation and quotations omitted); Seippel v. Jenkens & Gilchrist, P.C., 2004 WL 2809205, at * 1 (S.D.N.Y. Dec. 7, 2004) ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal.").

The Court follows the rulings of other courts and finds that in this case the requirements of Rule 41(a)(1)(A)(i) are met. The Court therefore denies the Defendant's motion to dismiss (Doc. 4) as moot and dismisses the action with prejudice pursuant to the Plaintiff's notice of voluntary dismissal (Doc. 7). The Clerk's

Office is directed to close the case.

**SO ORDERED**, this the 4th day of January, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc